## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHESTER MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| HAYES BEER DISTRIBUTING | ) | **COMPLAINT** |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |
| | ) | |

Now comes the Plaintiff, CHESTER MONTGOMERY ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendant, HAYES BEER DISTRIBUTING COMPANY ("Defendant"), Plaintiff alleges and states as follows:

## INTRODUCTION

1.      This is an action for damages and equitable and injunctive relief challenging the systemic illegal employment practices resulting in violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*

2.      Plaintiff alleges on information and belief that Defendant acted intentionally and with deliberate indifference and conscious disregard of the rights of Plaintiff in, among other things, failing to pay overtime wages due and failing to keep accurate payroll records.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff is an individual who was at all relevant times residing in Matteson, Illinois.

7. On information and belief, Defendant is a corporation of the State of Illinois, whose principal place(s) of business are located in Alsip, Illinois and/or Rockford, Illinois.

8. Plaintiff and Defendant are each "persons" as defined in 29 U.S.C. § 203(a).

9. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d), as, on information and belief, it included people acting directly or indirectly in the interest of an employer in relation to Plaintiff when he was an employee.

10. Defendant is an "employer" as that term is defined by 820 ILCS 105/3(c), as it is a corporation for which one or more persons were gainfully employed on some day within a calendar year.

11. At all relevant times, Plaintiff was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1), as he was an individual who was employed by Defendant, who is an "employer."

12. At all relevant times, Plaintiff was an "employee" as that term is defined by 820 ILCS 105/3, as he was an individual permitted to work by an employer in an occupation.

## FACTUAL ALLEGATIONS

13. At all times herein mentioned, Plaintiff was an employee of Defendant in the State of Illinois, and Defendant was an employer employing persons in the State of Illinois. As such, Plaintiff was the type of person contemplated to be protected by the FLSA and the IMWL, and said laws were intended to apply to Defendant and to prevent the type of injuries and damages alleged herein.

14. Plaintiff alleges on information and belief that Defendant was and is advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of the FLSA and the IMWL.

15. During all relevant time periods of this action, Defendant employed Plaintiff as a truck driver, delivering cases of beer to Defendant's retail account holders for resale.

16. Plaintiff began working for Defendant during or about October of 2005 as a truck driver helper.

17. Approximately two years later, during or about 2007, Plaintiff became a delivery driver for Defendant.

18. Plaintiff's duties as a delivery driver include delivering and unloading cases of beer to a list of clients given to him daily.

19. Plaintiff pay was and is based solely on commission. Plaintiff is paid $0.38 per case of beer he delivers.

20. Plaintiff has worked approximately 10-hour shifts on average, usually beginning around 6:00 a.m. and working until approximately 4:00 p.m.

21. However, on some days, Plaintiff worked longer if required, often working well into the evening, especially during the summertime.

22.     Defendant never kept track of Plaintiff's actual hours worked.

23.     Rather, Defendant would have a schedule of when Plaintiff needed to arrive at work. Plaintiff was required to work until all cases of beer assigned to his truck were delivered and the truck was returned at Defendant's Alsip, Illinois location.

24.     The time Plaintiff left Defendant's Alsip, Illinois location each day with his delivery truck was not recorded by Defendant.

25.     On average, Plaintiff has worked approximately 60 hours per workweek for Defendant.

26.     Even though Plaintiff worked an average of 20 hours of overtime per week (i.e. all hours worked over 40 hours in a given workweek), Defendant has only paid him for 40 hours per workweek.

27.     Most, if not all, of Plaintiff's Earnings Statements indicate that Plaintiff worked exactly 40 hours in the applicable workweek.

28.     Plaintiff alleges on information and belief that Defendant had a consistent policy and/or practice of failing to pay employees for hours worked over 40 hours in a given workweek.

29.     Plaintiff alleges on information and belief that Defendant had a consistent policy or practice of failing to provide employees with accurate wage statements reflecting the true number of hours they worked.

30.     Defendant's failure to pay Plaintiff for all hours he worked over 40 hours in all given workweeks, is a direct violation of the FLSA.

31.     Defendant's failure to pay Plaintiff for all hours he worked over 40 hours in all given workweeks, is also a direct violation of the IMWL.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

32.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 31 above as if fully reiterated herein.

33.     The FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

34.     Defendant failed to compensate Plaintiff at one and one-half times his regular wage for time worked in excess of 40 hours per workweek during many pay periods during his employment with Defendant. In fact, Defendant failed to compensate Plaintiff at all for many of his hours worked in excess of 40 hours per workweek during numerous pay periods.

35.     Defendant, by its failure to fully compensate Plaintiff, violated the FLSA, including but not limited to, 29 U.S.C. § 207.

36.     The FLSA also provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages…The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

37.     The pattern, practice and uniform administration of unlawful corporate policies regarding employee compensation as alleged herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorneys' fees, in amounts to be proven.

38.     Plaintiff is entitled to damages equal to the mandated overtime pay wage within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

39.      Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions as alleged herein were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay, pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did act with good faith and reasonable grounds in failing to pay Plaintiff's overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW**

40.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 39 above as if fully reiterated herein.

41.     The IMWA provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

42.     Defendant failed to compensate Plaintiff at one and one-half times his regular wage for time worked in excess of 40 hours per workweek during many pay periods during his employment with Defendant. In fact, Defendant failed to compensate Plaintiff at all for many of his hours worked in excess of 40 hours per workweek during numerous pay periods.

43.     Defendant, by its failure to fully compensate Plaintiff as set forth above, violated the IMWL, including but not limited to, 820 ILCS 105/4 and 4a.

6

44.     The IMWL provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

45.     The pattern, practice and uniform administration of unlawful corporate policies regarding employee compensation as alleged herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorneys' fees, in amounts to be proven.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHESTER MONTGOMERY, respectfully prays this Honorable Court enter judgment against Defendant, HAYES BEER DISTRUTING COMPANY, for relief as follows:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the IMWL;

b.      An award of damages for all compensation due to Plaintiff under the FLSA and IMWL, to be paid by Defendant;

c.      An award of liquidated damages in an amount equal to all compensation due to Plaintiff pursuant to 29 U.S.C. § 216(b);

d.      An award of statutory penalties to Plaintiff of two percent (2%) per month of all underpayments due to them, pursuant to 820 ILCS 105/12(a);

e.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

f.      Pre-judgment and post-judgment interest, as provided by law; and

g.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of any attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

CHESTER MONTGOMERY

By:     /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, IL 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com